UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBEN CUEVAS

v.  Case No.: 8:06-cv-1126-T-24 TGW
8:98-cr-154-T-24 TGW

UNITED STATES OF AMERICA

Related Case No.: 8:09-cv-2009-T-24-TGW
_____/

**ORDER**

This cause comes before the Court on Petitioner Cuevas' Motion for Leave to File an Out of Time Appeal Regarding § 2255 Proceedings.  (CV Doc. No. 32).

**I.  Background**

On December 11, 2003, pursuant to a written plea agreement, Petitioner pled guilty to two counts: (1) conspiracy to import five kilograms or more of cocaine into the United States and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine.  On April 21, 2004, this Court sentenced Petitioner to 252 months of imprisonment, and judgment was entered the next day.  On April 29, 2004, Petitioner filed a Notice of Appeal, which was dismissed by the Eleventh Circuit on June 14, 2005.

On June 16, 2006, Petitioner timely filed a § 2255 motion to vacate, which was later amended by retained counsel.  The Court denied Petitioner's § 2255 motion on November 27, 2006, and judgment was entered the next day.

On September 30, 2009, Petitioner, proceeding *pro se*, filed a second § 2255 motion.  On November 10, 2009, the Court denied the second § 2255 motion and noted that the Court had previously denied Petitioner's § 2255 motion that was filed in 2006.

**II.  Motion for Leave to File Appeal**

In the instant motion, Petitioner seeks leave to file an out of time appeal of the denial of both of his § 2255 motions.  He states that when he retained counsel to file the § 2255 motion in 2006, he instructed her to file an appeal if the motion was denied.  Petitioner's counsel did not

file a notice of appeal. As such, Petitioner asks the Court to grant him leave to file an out of time appeal of the denials of both § 2255 motions due to his attorney's failure to timely file an appeal as he directed.

Petitioner states that he was unable to file a timely notice of appeal, because his attorney did not notify him that his first § 2255 motion was denied and he cannot communicate in English. Therefore, he contends, he meets the excusable neglect standard.

The Court is not persuaded by Petitioner's argument. In this Court's November 10, 2009 order denying his second § 2255 motion, the Court stated that it had denied his earlier § 2255 motion on November 27, 2006. Petitioner fails to explain why he did not move for leave to file an appeal immediately upon receiving this Court's November 10, 2009 order. Instead, he waited over two years—until February 14, 2012—to file the instant motion. Clearly, he did not diligently pursue an appeal, nor can his failure to timely file a notice of appeal be described as being due to excusable neglect. As such, the Court finds that leave to file an out of time appeal is not warranted.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of February, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record